IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                  Case No. 3:10cr57/MCR-1

BILLY RAY ROBERSON
_____/

## FACTUAL SUMMARY IN SUPPORT OF GUILTY PLEA

The parties agree that the evidence at trial would establish the following:

That the defendant knowingly and intentionally participated with others (both known and unknown) in the conspiracy identified in Count 1 of the subject indictment, that the object of that conspiracy was to possess with intent to distribute cocaine, that the amount of cocaine actually possessed and distributed by that conspiracy exceeded five kilograms, and that all of this occurred during or within the time frame listed in Count 1 of the subject indictment.

The evidence to establish the defendant's participation in this conspiracy would include, but not be limited to, the testimony of two or more cooperating witnesses, the testimony of multiple law enforcement officers, and the introduction of physical evidence to include multiple kilograms of cocaine directly associated with the defendant, thousands of dollars in illegal drug proceeds directly associated with the defendant, photographs (and law enforcement testimony of surveillance) of drug related meetings in which the

FILED IN OPEN COURT THIS
6-01-2010
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

defendant participated, and other business records and forensic evidence establishing the defendant's participation in the charged conspiracy.

That evidence would include, but not be limited to, that on or about April 21, 2010, the defendant and others transported multiple kilograms of cocaine from Texas to Pensacola for distribution, and that this was just the latest in a series for trips in which the defendant, or others on his behalf, transported well in excess of five (5) kilograms of cocaine from Texas to Pensacola for distribution. The evidence at trial would show that with regard to the trip on or about April 21, 2010, the defendant went to a location at the College Trace Apartments, and specifically apartment 1404, for the purpose of off loading some or all of that cocaine from the vehicle used to transport it from Texas to Pensacola, and then begin (along with others) the distribution of the off loaded cocaine to multiple third parties in Pensacola. The evidence at trial would further show that the defendant would travel to multiple other locations in Pensacola in furtherance of this conspiracy, and meet with other co-conspirators in furtherance of the distribution of said cocaine, and that these locations included the Extended Stay America Hotel in Pensacola (which is directly in front of the College Trace Apartments), and the Motel 6 located on Plantation Road.

With regard to the Motel 6 location, the evidence would show that the defendant would, among other things, transport to this location illegal drug proceeds generated from the sale of kilogram levels of cocaine, and that the defendant would also transport to the Motel 6 location drug related packaging materials for use by the defendant and others in,

among other things, "repackaging" said currency for concealment and transportation across state lines to Texas, all done in furtherance of the charged conspiracy. As a result of these activities, the evidence at trial would further show that co-conspirators of the defendant wrapped (for the purpose of concealment and transportation across state lines) thousands of dollars of known illegal drug proceeds, using packaging materials supplied for this purpose by the defendant, and that these co-conspirators then concealed those proceeds in various locations inside a Freightliner tractor trailer truck that was parked in the parking lot of the Motel 6. The evidence at trial would further show that the defendant also maintained in excess of $10,000 in known illegal drug proceeds on his person, above and beyond any proceeds referenced above.

The evidence at trial would also include the seizure of at least two (2) kilograms of cocaine at the Motel 6 that is directly associated with the defendant, and that this cocaine was only a portion of the load transported from Texas to Pensacola for distribution by the defendant and others on or about April 21, 2010.

As indicated, the evidence at trial would also include additional forensic evidence, phone and business records, and live testimony of both civilian, law enforcement and expert witnesses, all of which would establish beyond a reasonable doubt the defendants

knowing and intentional participation in the illegal drug conspiracy charged in Count 1 of the subject indictment.

Respectfully submitted,

THOMAS F. KIRWIN
United States Attorney

*Randall Lockhart*
RANDALL S. LOCKHART
Attorney for Defendant
Michigan Bar No. P48597
3 West Garden Street, Suite 200
Pensacola, Florida 32502
(850) 432-1418

THOMAS P. SWAIM
North Carolina Bar No. 10064
Assistant United States Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502-5675
(850)444-4000

5-28-2010
Date

6/1/10
Date

**BILLY RAY ROBERSON**
Defendant

5/28/10
Date

4